# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| REBECCA TIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 10-0230-WS-B |
| | ) |
| RICHARD HAWTHORNE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on motions to dismiss filed by defendants Grover Smith and Escambia County Commission ("the Commission"). (Docs. 10, 12). The parties have submitted briefs in support of their respective positions, (Docs. 11, 13, 19, 20, 27), and the motions are ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the Commission's motion is due to be granted and that Smith's motion is due to be denied.

## BACKGROUND

According to the complaint, the plaintiff was an inmate at the Escambia County jail. While there, defendant Hawthorne, a deputy, sexually harassed her on multiple occasions. Hawthorne's conduct is spelled out in some detail. The complaint includes three counts against Hawthorne for constitutional violations, assault and battery, and sexual molestation.

As to Smith, the complaint alleges the following: (1) that he is the Escambia County sheriff; (2) that he has direct control over jail operations, including deputies and jailers, and that he is responsible for enforcing jail regulations and ensuring that deputies obey state and federal law; (3) that he was responsible for hiring, training, supervising and directing jail staff; (4) that he was "deliberate[ly] indifferen[t] to the hiring, lack of

[1]

training and supervision of" Hawthorne; and (5) that this deliberate indifference proximately caused the constitutional violations visited by Hawthorne. (Doc. 1, ¶¶ 3, 15).

As to the Commission, the complaint alleges the following; (1) that it is the governing body of Escambia County; (2) that it is required to maintain the jail; and (3) that it is required to providing funding for personnel, equipment, services and facilities necessary to properly operate the jail. (Doc. 1, ¶ 4).

## DISCUSSION

Both defendants argue that the complaint fails to satisfy the pleading requirements of Rule 8(a)(2) and fails to state a claim on which relief can be granted. Smith argues as well that he is entitled to qualified immunity because the complaint does not satisfy the heightened pleading standard or allege conduct violative of clearly established law. (Docs. 10, 12).

**I. Failure to State a Claim.**

In Alabama, "the duties of the counties with respect to the jails are limited to funding the operation of the jail and to providing facilities to house the jail," and "[t]he County has no authority to manage the sheriff's employees." *Turquitt v. Jefferson County*, 137 F.3d 1285, 1289 (11th Cir. 1998) (en banc) (internal quotes omitted). In reliance on *Turquitt*, the Commission argues that it "cannot be liable under § 1983 for any constitutional violation relating to the operation and administration of the Escambia County jail." (Doc. 11 at 5).

The plaintiff responds that the Commission's liability rests on a failure to adequately fund the jail, resulting in a lack of surveillance monitors and sexual harassment training. (Doc. 20 at 2). The Commission in reply does not assert that such a failure to fund is non-actionable. *See Turquitt*, 137 F.3d at 1290 (noting that the complaint does not "allude to any failure on the County's part to appropriate adequate funds"). Accordingly, it is not entitled to dismissal on this ground.

Smith's brief does not identify any grounds for dismissal other than the pleading standards of Rule 8 and qualified immunity. He is not entitled to dismissal on some unarticulated theory of failure to state a claim.

## II. Heightened Pleading.

Smith argues that the complaint fails to satisfy the heightened pleading standard employed by the Eleventh Circuit in cases involving potential qualified immunity. (Doc. 13 at 6-9; Doc. 27 at 7-9). However, "whatever requirements our heightened pleading standard once imposed have since been replaced by those of the *Twombly-Iqbal* plausibility standard." *Randall v. Scott*, 610 F.3d 701, 707 n.2 (11th Cir. 2010). "After *Iqbal*, it is clear that there is no 'heightened pleading standard' as it relates to cases governed by Rule 8(a)(2), including civil rights complaints." *Id*. at 710. Smith is not entitled to dismissal on this ground.

## III. Rule 8(a)(2).

A complaint must as a threshold matter provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a)(2). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Though they need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level ...." *Id*. "We have held that a complaint requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Corbitt v. Home Depot U.S.A., Inc*., 589 F.3d 1136, 1170 (11th Cir. 2009) (internal quotes omitted). "At a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory." *Wilchombe v. TeeVee Toons, Inc*., 555 F.3d 949, 960 (11th Cir. 2009) (emphasis and internal quotes omitted).

"A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th

Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "The mere possibility that the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Id*. at 1261. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (internal quotes omitted).

Smith argues that all the plaintiff has alleged concerning him is the legal conclusion of "deliberate indifference." Were this correct, the complaint would fall short of *Twombly* and *Iqbal*, but it is not. The complaint expressly alleges that Smith was responsible for training and supervising jail staff and therefore alleges that Smith had a duty to train and supervise Hawthorne. The complaint expressly alleges that Hawthorne was not trained or supervised and so alleges that Smith failed in his duty to train and supervise him. The complaint expressly alleges that Smith's failure to train and supervise Hawthorne was the product of Smith's deliberate indifference, and it expressly alleges that this failure proximately caused the plaintiff's constitutional deprivation.

Smith identifies no element of a claim that is unaddressed by these allegations, and they support a claim plausible on its face. Smith complains that the plaintiff should have alleged the content of the training and supervision received by Hawthorne. (Doc. 27 at 4). No doubt this would be useful information to have, but it is not needed in order to provide sufficient factual content to enable the Court to draw the reasonable inference that Smith may be liable for his failure to train and supervise Hawthorne.

Smith asserts that the plaintiff has not alleged that he violated any established constitutional right. To the extent he relies on the heightened pleading standard, *Randall* eliminates his ability to do so. In the unlikely event he suggests that a sheriff's failure to supervise jail staff or train them not to sexually harass the inmates does not violate a clearly established constitutional right, he has provided no argument or authority in support of the proposition and thus has not carried his initial burden on motion to dismiss.

[4]

The Commission's situation is different. As noted, the only allegation concerning the Commission is that it has a duty to provide funding for the jail. There is no allegation that the Commission breached this duty, there is no allegation that a breach of this duty proximately caused the plaintiff's constitutional deprivation, and there is no allegation that the Commission acted with a mental state that could support liability.[1] As to the Commission, the complaint does not plead facts stating a claim for relief that is plausible on its face, and it is thus subject to dismissal as to the Commission.

The plaintiff says she asserts that the Commission failed to provide adequate funding, that this deprived the jail of sexual harassment training and surveillance cameras, and that the absence of surveillance cameras allowed jail staff to sexually harass female inmates. (Doc. 20 at 2). The problem, of course, is that none of these allegations actually is pleaded in the complaint, so they are irrelevant to the pending motion. Nor would they, if pleaded, correct all the deficiencies noted above.

## CONCLUSION

For the reasons set forth above, Smith's motion to dismiss is **denied** and the Commission's motion to dismiss is **granted**. The Commission is **dismissed**.

DONE and ORDERED this 3rd day of September, 2010.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court does not warrant that these are the complaint's only deficiencies concerning the Commission.